By the Chancelloru
The general rule is* that where relief can be afforded at law, it shall not be asked for id this Court, but under such circumstances as the plaintiff could not control* and which must be true. By these plain and simple principles then, let the present question as to jurisdiction be tested. A suit ih, Chancery had been brought, which might have embraced this very Subject* and the defendant, the prbseht plaintiff, ivas served, as he supposed, with process in that suit, and therefore he may have been so far mistaken, as to.ayer with great truth, that he had nb remedy at law, since he Suffered a judgment to go against him, when in fact he did not know that he was súed. Could there have been, a more complete surprise, than in the first instance to *428 have metwith an execution instead of a capias ? There certainly could not to. my mind; and hence a good ground, for relief in equity. But it is said, that this will always admit a party to make his defence m equity, instead, of-at law. To this argument two sufficient answers may be given; 1. That if, upon the coming in of the answer, the circumstances relied upon m the bill appear not to be true, the Court will always dissolve the injunction; as in this case, if the defendant could shew that before the judgment at law the plaintiff really knew of the suit, he should not be any longer entertained in this Court, but should abide the consequences of his own neglect; and, 2. Though the circumstances may be true, and relief afforded, yet, in general, it must be at the costs of the plaintiff.
Attention to'Jthese rules will, afford, as it is believed, a sufficient corrective to those who might otherwise be disposed to sport with the sacred obligation of an oath.
Motion to dissolve denied, and the accounts referred to a Commissioner. •